IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RAFAEL EMILIO PEREZ-PICHARDO,<br><br>Defendant. | Case No.  25-529 (M) |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A CRIMINAL COMPLAINT AND ARREST WARRANT**

I, Josue Lopez, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.  I am a Special Agent with Homeland Security Investigations and have been since March 2018.  I am currently assigned to the Immigration Crimes Group in San Juan, Puerto Rico. Prior to my appointment as a Homeland Security Investigations Special Agent, I was appointed in 2008 as a Border Patrol Agent with the United States Border Patrol.  As a Homeland Security Investigations Special Agent, I have received formal and on the job training and I am authorized to investigate violations of laws of the United States and to execute and serve any order, subpoena, summons, warrant, or other process issued under the authority of the United States.  I am familiar with the statutes of the United States Code, and as a federal law enforcement officer, I have participated in investigations, surveillance, interviews, interrogations, arrests, searches, seizures, administration of oaths, and in taking and considering evidence concerning the privilege of any person to enter, reenter, pass through, or reside in the United States.  Based on my law enforcement experience detailed herein, as well as my training, and experience of other law enforcement officers who are participating in this investigation, serve as the basis for the conclusion set forth herein.

2. This affidavit is submitted in support of a criminal complaint charging RAFAEL EMILIO PEREZ-PICHARDO with: (1) reentry of removed alien after a felony conviction in violation of Title 8, United States Code, Sections 1326(a) and (b)(1).

3. This affidavit is intended to show merely that there is sufficient probable cause for the requested criminal complaint and does not set forth all of my knowledge about this matter. I make this affidavit based on my own personal knowledge and on oral and written reports by other federal, state, and/or local law enforcement agents and officers that investigated this matter. This affidavit does not contain all the information derived from this investigation only that which is sufficient to demonstrate probable cause to believe that a crime has been committed.

## PROBABLE CAUSE

4. Homeland Security Investigations ("HSI") Special Agents received information from a source of information regarding RAFAEL EMILIO PEREZ-PICHARDO being illegally present in the United Sates. HSI investigators conducted records checks which revealed the following:

   a. Immigration checks revealed that RAFAEL EMILIO PEREZ-PICHARDO was not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document.

   b. RAFAEL EMILIO PEREZ-PICHARDO has been residing at Villa Carolina, Carolina, Puerto Rico, 00988.

5. On Friday, May 29, 2025, HSI investigators conducted surveillance of the residence and observed RAFAEL EMILIO PEREZ-PICHARDO exit the residence. HSI investigators

2

proceeded to initiate a consensual encounter and approached RAFAEL EMILIO PEREZ-PICHARDO.

6. HSI investigators requested RAFAEL EMILIO PEREZ-PICHARDO's name and identification. RAFAEL EMILIO PEREZ-PICHARDO identified himself as "Rafael Perez-Pichardo" and provided his identification. HSI investigators asked RAFAEL EMILIO PEREZ-PICHARDO about his immigration status and RAFAEL EMILIO PEREZ-PICHARDO stated in sum and substance that he was born in Puerto Rico, United States. RAFAEL EMILIO PEREZ-PICHARDO was confronted regarding his status and stated in sum and substance that he was in the United States illegally. During processing RAFAEL EMILIO PEREZ-PICHARDO stated in sum and substance that he reentered the United States through the west side of Puerto Rico in 2020.

7. HSI determined that RAFAEL EMILIO PEREZ-PICHARDO was not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document, and a valid unexpired passport, or other suitable document, or document of identity and nationality to enter, pass through, or remain in the United States. HSI determined that RAFAEL EMILIO PEREZ-PICHARDO is inadmissible to the United States, and HSI investigators arrested and transported RAFAEL EMILIO PEREZ-PICHARDO to Enforcement and Removal Operations Office in San Juan Processing Center for further processing.

8. HSI investigators conducted immigration and criminal history record checks of RAFAEL EMILIO PEREZ-PICHARDO which revealed the following:

   a. On April 16, 20003, RAFAEL EMILIO PEREZ-PICHARDO was found inadmissible and was Order of Removal by a Final Administrative Removal Order.

    b. On May 19, 2003, RAFAEL EMILIO PEREZ-PICHARDO was physically removed from the United States to the Dominican Republic through Miami, Florida.

    c. On December 12, 1990, RAFAEL EMILIO PEREZ-PICHARDO was convicted by the Bronx County Supreme Court in New York of Manslaughter in the First Degree in violation of New York State Penal Law 125.20 and sentenced to an indeterminate sentence of 5-15 years in prison.

9. As of May 29, 2025, RAFAEL EMILIO PEREZ-PICHARDO had not submitted an application requesting permission to enter the United States (Form I-212) before the United States Citizenship and Immigration Services ("USCIS"). Thus, RAFAEL EMILIO PEREZ-PICHARDO has not obtained express consent from the Attorney General of the United States, or her successor the Secretary of Homeland Security to enter the United States, nor does he have any immigration documents allowing him to legally enter and/or remain in the United States.

10. On May 29, 2025, RAFAEL EMILIO PEREZ-PICHARDO a national and citizen of the Dominican Republic, was found in the United States after been previously removed from the United States. RAFAEL EMILIO PEREZ-PICHARDO was not admitted, inspected, or paroled into the United States by an immigration officer, nor did RAFAEL EMILIO PEREZ-PICHARDO present himself at a designed port of entry for inspection.

## CONCLUSION

11. Based upon my training, experience, and facts concerning this investigation, I respectfully believe that there is probable cause to believe that RAFAEL EMILIO PEREZ-PICHARDO committed the following offense: (1) reentry of removed alien after a felony conviction in violation of Title 8, United States Code, Sections 1326(a) and (b)(1).

Respectfully submitted,

Josue Lopez
Special Agent
Homeland Security Investigations

Sworn in accordance with the requirement of Fed. R. Crim. P. 4.1. by telephone at 2:02pm on this 30th day of May 2025, in San Juan, Puerto Rico.

HON. HÉCTOR L. RAMOS-VEGA
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF PUERTO RICO